UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALICIA GONZALEZ, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 3:07-cv-435(JCH) |
| | : | |
| CITY OF BRIDGEPORT, | : | |
| JOSE SEPULVEDA, JOHN CUMMINGS, | : | |
| JOHN DOE-1 and JOHN DOE-2, individually | : | |
| and as police officers for the City of | : | August 24, 2007 |
| Bridgeport, and JOHN A. DELGADO, | : | |
| | : | |
| Defendants. | : | |

**RULING ON DEFENDANT DELGADO'S MOTION TO DISMISS (DOC. NO. 16)**

Plaintiff, Alicia Gonzalez, brings this action against Defendant, John A. Delgado, arising from the forceful eviction of Gonzalez from her home on December 15, 2006. Gonzalez alleges violation of her rights under the First, Fourth, and Fourteenth Amendments to the Constitution of the United States and corresponding provisions in the Connecticut State Constitution and Connecticut General Statutes § 47a-43 et seq. She asserts her United States Constitutional claims pursuant to 42 U.S.C. § 1983.

Delgado moves the court to dismiss Gonzalez' section 1983 claim against him pursuant to Federal Rule 12(b)(1) for lack of subject matter jurisdiction. Delgado argues that the court does not have jurisdiction over this claim because he was not a state actor in the eviction for the purposes of section 1983.

**I. FACTUAL BACKGROUND[1]**

On July 1, 2006, Gonzalez entered into a written, month-to-month rental

---

[1]The facts as stated here are taken from the Complaint (Doc. No. 1).

1

agreement with Delgado to rent the first-floor apartment at 1274 Howard Ave., in Bridgeport, Connecticut. In October, 2006, Gonzalez was short in her rent payment by ten dollars. Because of this, on November 13, 2006, Delgado caused to be served on Gonzalez a Notice to Quit her tenancy and, on November 20, 2006, caused to be served a Summary Process Eviction Summons and Complaint seeking to recover possession of the premises.

On November 29, 2006, Gonzalez filed an Answer to the Complaint. On November 30, 2006, the Clerk of the Housing Session of Connecticut Superior Court in Bridgeport scheduled the summary process trial for December 8, 2006. Gonzalez believes that notice of that trial was mailed around November 4, 2006, but she did not receive it until the afternoon of December 8, 2006, after the trial was over. In her absence, the judge entered a judgment in favor of Delgado. On December 12, 2006, Gonzalez received written notice from the Housing Court that judgment had been entered against her, and that by statute she could file a motion with the court requesting a three-month temporary stay of the eviction. The notice also informed her that, if she did not seek a stay, appeal or file a motion to reopen the judgment, her landlord could apply for an execution of eviction and have a state marshal remove her and her possessions from the premises.

Gonzalez believes that Delgado contacted the Bridgeport police on December 14, 2006, about his desire to evict Gonzalez. On that same day, police officers visited the apartment and shined flashlights through the windows; Gonzalez was not home. On December 15, 2006, Gonzalez was in the shower when she heard loud pounding on the side door of her apartment. Upon exiting the shower she heard "yelling, banging, and

2

pushing" on that door "as if someone were trying to break the door down." Complaint at ¶ 19. When Gonzalez asked who was there, someone on the other side shouted back that he was a police officer. Gonzalez opened the door, asked the men there to go around to the front door of the apartment, and closed the door.

After dressing, Gonzalez opened the front door and was confronted by four Bridgeport police officers, armed and in uniform, along with Delgado. While standing in the hallway outside of the main door to the apartment, Defendant Officer Sepulveda told Gonzalez that she was not supposed to be in the apartment. He waived a piece of paper that he said was a court document allowing Delgado to take back the apartment and claimed that he could arrest her for trespassing. When Gonzalez began to cry and explain that she had nowhere for herself or her six-year-old son Victor to go, Sepulveda replied that Gonzalez only had a few minutes to gather together her possessions and leave the apartment.

When Gonzalez told the men that she was going to close the door and begin packing, Sepulveda put his foot in the door, preventing her from closing it. Sepulveda, along with the three other officers and Delgado, entered the apartment. Upon entering the apartment, the four men encountered Gonzalez' visitor, Roland Gilbert. The officers grabbed Gilbert, pushed him against a wall spreading his arms and legs, patting him down, and demanding to know his name. Gilbert was held by three of the officers while Sepulveda followed Gonzalez into her bedroom and proceeded to conduct a very thorough search. He claimed to be searching for a gun. When no gun was discovered, and the officers had found no evidence that Gilbert had a criminal record or outstanding warrants, he was allowed to leave.

Gonzalez was allowed to call a friend, who helped her pack as many of her belongings as she could fit into her car. She left behind all of her furniture, with no arrangement to pick up the rest of her belongings. When she left the apartment, Sepulveda and Delgado remained inside. Gonzalez believes that, as they left, they locked the door with new locks, which had been installed by Delgado while Sepulveda searched Gonzalez' apartment.

On December 18, 2006, Gonzalez was informed by the Clerk of the Superior Court for the Housing Session that Delgado could not evict her without an execution of eviction. She then went to the police station. Upon learning that Delgado did not have an execution of eviction, Officer Kenneth McKenna directed Delgado to open the premises to Gonzalez. Delgado gave Gonzalez a key to the newly-installed locks, and she and her son resumed occupancy of the apartment.

## II. STANDARD OF REVIEW

Delgado has moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 1 (Doc. No. 17). However, Gonzalez argues that Delgado's motion is properly read as a Motion to Dismiss for failure to state a claim under Rule 12(b)(6). Pl.'s Mem. in Opp. to Mot. to Dismiss ("Pl.'s Mem.") at 1 (Doc. No. 22). The court agrees with Gonzalez that the Motion is properly considered under Rule 12(b)(6).

The standards for deciding a motion to dismiss under Rules 12(b)(1) and 12(b)(6) are slightly, but significantly different. A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), Fed.R.Civ.P, tests only the adequacy of the complaint. United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004). A Rule 12(b)(6)

4

motion to dismiss cannot be granted simply because recovery appears remote or unlikely on the face of a complaint.  Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. (quotation omitted).  However, "bald assertions and conclusions of law will not suffice" to meet this pleading standard.  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir.1996).

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Marakova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  A plaintiff generally has the burden of proving by a preponderance of the evidence that jurisdiction exists.  Id.  In assessing a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] as true all material factual allegations in the complaint." Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir.1998) (citing Scheuer, 416 U.S. at 236).  However, the court refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id. (citing Norton v. Larney, 266 U.S. 511, 515 (1925)).  On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint.  Makarova, 201 F.3d at 113; see also Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir.1993).

Gonzalez brings her claim pursuant to 42 U.S.C. §1983.  There is no doubt that the court has original subject matter jurisdiction to hear a section 1983 claim pursuant to federal question jurisdiction under 28 U.S.C. § 1331.  Furthermore, Delgado's arguments are directed at the sufficiency of Gonzalez' claim as they would be for a

5

motion under Rule 12(b)(6). Therefore, the court will decide Delgado's motion as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

## III. DISCUSSION

Gonzalez alleges that Delgado violated her constitutional rights in violation of 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. While section 1983 "'is not itself a source of substantive rights . . . [it] provides a method for vindicating federal rights elsewhere conferred". Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004)(internal quotations omitted).

A claim under section 1983 has two elements. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970). First, that the complainant was deprived of a right "secured by the Constitution and Laws of the United States;" Delgado does not dispute that Gonzalez has alleged such deprivations. Id. Second, a claim under 1983 must allege that the deprivation occurred "under color of law." Id. A private party may be deemed to have acted "under color of law" where the allegedly unconstitutional conduct is "fairly attributable" to the state. Tancredi, 316 F.3d at 312.

---

[2]Normally, the court would not convert a motion under Rule 12(b)(1), which is not a decision on the merits, to one under Rule 12(b)(6), which is a decision on the merits, because the plaintiff may be prejudiced. However, where, as here, the plaintiff has asked the court to convert the motion, and has briefed the issues for consideration under Rule 12(b)(6) the court finds that she will not be prejudiced by the conversion. See e.g. Fraternal Order of Police v. United States Postal Service, 988 F.Supp. 701, 704 n.2 (S.D.N.Y. 1997).

"Conduct that is ostensibly private can be fairly attributed to the State only if there is 'such a close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Id. at 313 (citing Brentwood Academy v. Tenn. Secondary Sch. Ass'n, 531 U.S. 288, 295 (2001)). State action occurs where "the state exercises coercive power over, is entwined in the management or control of, or provides significant encouragement, either overt or covert, to a private actor, or where the private actor operates as a willful participant in joint activity with the State or its agents. . . ." Id.

The court finds that Gonzalez's complaint adequately alleges that Delgado acted with "significant encouragement" from and "in joint activity" with State agents to be considered acting "under the color of law" for the purposes of section 1983. The case relied on by Gonzalez, Soldal v. County of Cook, 942 F.2d 1073 (7th Cir. 1991) is instructive. In that case, like this one, a police officer accompanied a landlord in evicting a tenant. Id. at 1074. That court found that where the police officer used "mild force" to prevent the tenant from resisting the unlawful eviction, the otherwise private action was converted into a state action with all defendants regarded as having acted under color of law. Id. at 1075. The officer's participation was "as if the deputy sheriffs themselves seized the trailor . . . [e]quivalently it is as if they had deputized the private defendants to assist them." Id. While the Supreme Court reversed this decision on other grounds, it left this holding untouched, citing its decision in Adickes. Soldal v. Cook County Illinois, 506 U.S. 56, 60 (citing Adickes, 398 U.S. at 152-61).

The case relied on by Delgado, Sullivan v. Stein, 2004 WL 1179351 (D. Conn. 2004), is factually distinct from the one alleged by Gonzalez. In Sullivan, the plaintiff-

tenant called the police himself when the owners blocked entry. Sullivan, 2004 WL 1179351 at *13. The officer then refused to remove the owners. Id. In contrast, Gonzalez alleges both a greater degree of police involvement, and a greater degree of cooperation and planning between the landlord and the officers than was the case in Sullivan. Gonzalez alleges that the police arrived with Delgado and at his request, that they knocked on the door, identified themselves as police officers and forcibly entered her apartment along with Delgado. She alleges that Sepulveda waived a piece of paper that he claimed gave Delgado the right to evict her immediately, and remained behind in the apartment with Delgado when she left. These actions are a far cry from the minimal involvement of the police in Sullivan, and unlike in Sullivan they were taken at the request of the landlord. Id. Furthermore, the facts alleged by Gonzalez rise above the level of police-landlord coordination found sufficient to establish that the landlord was acting under color of state law in Soldal. See Soldal, 942 F.2d at 1074 (where police officer accompanied officers on illegal eviction and told the tenant they were "there to prevent him from interfering with the eviction"). As such, Gonzalez's Complaint states a claim that Delgado, acting in concert with the police, was acting under color of state law when he violated Gonzalez' Constitutional rights.

## IV. CONCLUSION

For the foregoing reasons, the Delgado's Motion to Dismiss (Doc. No. 16) is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 24th day of August, 2007.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge